**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MID-STATE AFTERMARKET                                                                                           PLAINTIFF
BODY PARTS, INC.

v.                                                   No. 4:05CV01220 JLH

TRUCK INSURANCE EXCHANGE and
FARMERS INSURANCE COMPANY, INC.                                                                    DEFENDANTS

**OPINION AND ORDER**

Both sides in this lawsuit have filed motions to compel. Mid-State's motion to compel complains that the defendants refuse to provide details regarding the items of attorneys' fees that the defendants deem objectionable. After Mid-State filed its motion to compel, the defendants submitted a supplemental expert report by Charles Dougherty in which Mr. Dougherty provides sufficient detail to comply with the Federal Rules of Civil Procedure. Therefore, plaintiff's motion to compel is denied as moot. Document #43.

Defendants seek to compel further responses to certain interrogatories and requests for production of documents in their first and second sets of interrogatories and requests for production of documents, as well as their third set of requests for production of documents. Defendants argue that the responses to the first and second sets of interrogatories and requests for production of documents were not timely because after an agreed extension they were due on April 10, 2006, but not served until April 12, 2006. Fed. R. Civ. P. 33(b)(4) provides that any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court and good cause shown. The same standard applies to requests for production under Fed. R. Civ. P. 34. *Starlight Intern., Inc. v. Herlihy*, 181 F.R.D. 494, 496 (D. Kan. 1998). The parties agree that the discovery

responses were initially due in March but that the time for response was extended by agreement. However, they disagree as to whether the time for response was extended to April 10 or April 12. Neither side has provided the Court with a copy of any written agreement for the extension so the Court cannot find that the responses were tardy. In any event, any tardiness was *de minimis*, and the Court will not find that the objections were waived. *Cf. Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999).

Interrogatory Nos. 6 and 7 of the first set ask for identification of all contacts with Global Validators regarding the underlying case. It is not feasible to do that. All of the documents pertaining to those communications have been produced, and that should suffice. The motion to compel further answers to Interrogatory Nos. 6 and 7 of the first set is denied.

Interrogatory No. 12 of the first set seeks information about Tom Knoedl's sale of Mid-State. Request No. 11 of the first set seeks a copy of the contract for sale. Mid-State reports that the sale was a sale of stock. That the owner of Mid-State sold his stock is irrelevant to this case. The motion to compel is denied as to Interrogatory No. 12 and Request No. 11 of the first set.

Request for Production No. 9 of the first set seeks unredacted copies of the invoices for attorneys' fees. Mid-Sate objects that the redactions were for attorney-client privilege and work-product. Mid-State notes that the underlying case is still on appeal. Defendants are entitled to unredacted copies of the invoices. Mid-State has placed the contents of those invoices in issue and therefore cannot claim privilege or work-product *vis-a-vis* these defendants as to the invoices. The protective order in this case will protect the invoices from disclosure to others. The motion compel is granted as to Request No. 9 of the first set.

Defendants also seek the entire case file of Mid-State regarding the underlying action. Mid-State says that it has produced the entire case file less and except attorney-client communications, work-product, and documents designated "Highly Confidential" pursuant to the protective order in the underlying case. Defendants have made no specific showing of need as to any particular document or category of documents so as to overcome the claims of privilege, work-product, and confidentiality. The general claim that defendants "are entitled to all of the information in the underlying case" is insufficient to defeat the claims of privilege, work-product, and confidentiality. The motion to compel further response to Request Nos. 7, 8, 15, and 16 of the first set and Request No. 2 of the third set is denied.

Interrogatory No. 1 and Request No. 1 of the second set seek details of the fees paid in the underlying case. The response to Interrogatory No. 1 states that records will be produced pursuant to Fed. R. Civ. P. 33(d). If all documents pertaining to Interrogatory No. 1 and Request No. 1 have been produced, nothing more is required. If any documents have not been produced, they must be produced. Mid-State's lawyers must confirm in writing that all such documents have been produced or they must produce any remaining documents.

Request for Production No. 1 in defendants' third set of requests for production of documents seeks all items identified in plaintiff's initial disclosures. Defendants are entitled to the documents identified in the initial disclosures. Therefore, their motion to compel is granted as to Request for Production No. 1 in the third set of requests.

Finally, defendants request that Mid-State identify which documents are responsive to which request. Mid-State states that it has produced the documents as they are kept in the ordinary course of business. Fed. R. Civ. P. 34(b) gives the producing party the option either to produce the

documents as they are kept in the ordinary course of business or to label them to correspond with the categories in the requests. If Mid-State has produced the documents as they were kept in the ordinary course of business, that production complies with Rule 34.

## CONCLUSION

Plaintiff's motion to compel is denied. Document #43. Defendants' amended motion to compel is granted in part and denied in part. Document #49.

IT IS SO ORDERED this 24th day of July, 2006.

/s/ J. Leon Holmes
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE